## W. J. ELLZEY ET AL. *v.* THE STATE.

CONSPIRACY.  *Object.  Civil wrong.*

A general creditor, who procures the assignment of a deed of trust which his debtor has given on his exempt personalty, and substitutes a trustee, who refuses to receive payment, sells the property, and produces a balance which the creditor garnishes, is with his accomplice guilty of conspiracy, if they acted in concert under an agreement to accomplish the result.

ERROR to the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge, did not sit in this case, but Hon. S. S. CALHOON presided by interchange.

*J. F. Sessions*, for the plaintiffs in error.

The property was obtained by lawful means for a lawful purpose. The trustee did only his duty, and the creditor had a right to purchase the trust deed and to garnish the fund.

*T. C. Catchings*, Attorney General, for the State.

The purpose was to subject exempt property to a debt for which it was not liable. That was unlawful, and the fact that legal means were used to effect the illegal object does not relieve the confederacy of its criminal character.

GEORGE, C. J., delivered the opinion of the court.

The plaintiffs in error were indicted for a conspiracy to cheat and defraud one Humphreys of certain personal property. The evidence fully justified the verdict of guilty. It was shown that Humphreys had given a deed of trust to Milsaps on a horse, three head of cattle and his crop of corn and cotton, the former amounting to about eighty bushels and the latter to about two bales. On this deed a balance of thirty dollars and seventy cents was due and unpaid. Norton, or his wife, had a debt due from Humphreys for one hundred and four dollars, being the balance of four hundred dollars due on the purchase of a tract of land by Humphreys. In October, 1876, Norton procured an assignment of the deed of trust of Milsaps, on the false representation to Milsaps that Humphreys was about to run off or dispose of the property conveyed in the deed. As soon as he got the assignment, the original trustee resigned and Ellzey, under a provision in the deed, was substituted as trustee by Norton. As soon as Ellzey was substituted he demanded payment of the above balance from Humphreys. The latter did not have the money, but offered to turn over more than a sufficiency of cotton embraced in the deed to pay it. Ellzey refused to accept this ; but seized the cotton and the corn of Humphreys, his only horse, and made a constructive seizure of the cattle running in the woods, and advertised all the property for sale. A few days before the sale an offer was made by Mrs. Humphreys to pay the money, which Ellzey

declined to receive upon the ground that a writ of garnishment was expected by him to be served on him at the instance of Norton. Ellzey made the sale, which produced fifty-four dollars more than the debt and costs of sale, and, in answer to Norton's garnishment, which was issued on a judgment rendered after the above offer to pay, acknowledged that he owed Humphreys that much. Norton also sold the land, under the deed of trust, and bought it. The result of all these proceedings was, that Norton got his land back after three hundred dollars of the four hundred dollars purchase-money had been paid; sold out Humphreys' personalty, and thereby produced fifty-four dollars more than was due on the deed of trust assigned to him by Milsaps, and applied this sum also to the land debt. All the personalty sold under the deed of trust to Milsaps was exempt property, except the cotton.

By these machinations the personal exempt property of Humphreys, not at all necessary to pay the debt secured in the deed of trust, was sold under it in order to raise a fund in the hands of the trustee, for which he could be garnished by Norton, and which could thus be applied to the payment of the debt to him. This cannot be permitted. It was a civil wrong to Humphreys and unlawful. A conspiracy is defined to be a confederacy of two or more persons to accomplish some unlawful purpose, or a lawful purpose by unlawful means. What is unlawful is not necessarily criminal. "It is enough," said Cockburn, C. J., in *Regina* v. *Warburton*, L. R. 1 C. C. 274, "if the acts agreed to be done, although not criminal, are wrongful, *i. e.*, amount to a civil wrong." Both the end sought to be attained here, — the application of the exempt property to Humphreys' debts; and the means, — the selling of more property under the deed of trust than was necessary to pay the debt secured by it, in order to produce a surplus for the garnishment process, — were unlawful. The circumstances clearly show that the plaintiffs in error acted in concert and under an agreement to bring about the result above condemned.

*Judgment affirmed.*